**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| IN RE: | ' | |
| | ' | |
| BRENDA K. PRESTON | ' | CASE NO. 22-41839 |
| | ' | CHAPTER 13 |
| | ' | |
| DEBTOR | ' | |

**AGREED ORDER REGARDING LIBERTY NATIONAL BANK IN PARIS'
MOTION FOR RELIEF FROM STAY AGAINST REAL PROPERTY**

ON THE DATE INDICATED BELOW, came on for consideration the Motion of Liberty National Bank in Paris for Relief from Automatic Stay filed herein by Liberty National Bank in Paris ("Movant"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, ORDERED, ADJUDGED AND DECREED that:

1. Automatic Stay: The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect except as provided for herein.

2. Current Monthly Payments: Debtor shall remit directly to Movant the regular post-petition monthly payments beginning April 2, 2024, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated September 28, 2020, attached to Movant's Motion for Relief from Stay and the subject of Movant's secured claim.

3. Additional Payments: In addition to the payments set forth above, Debtor shall cure all post-petition arrearages by making payments as follows: Debtor shall make six monthly payments in the sum of $511.89 each month beginning on or before the 17th day of April, 2024 and on or before the 17th day of each month thereafter with the final payment being due the 17th day of September, 2024. These payments shall be paid directly to Movant at:

> Liberty National Bank in Paris
> 305 Lamar Avenue
> Paris, Texas 75460

There is no grace period on additional payments due under this Agreed Order. Payments received after the due date are subject to the default provision contained in Paragraph 6.

4. Discharge: Notwithstanding any provisions hereof, the automatic stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon the entry of the Order of Discharge.

5. Effect of Non-Sufficient Funds: Debtor's tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute a payment as required by the terms of this Order.

6. Default: In the event Movant does not receive the payments by the dates set forth in Paragraph 3, or Debtor does not remit the monthly payments set forth in Paragraph 2 above, Movant shall send written notice by Regular Mail and Certified Return Receipt Requested Mail, postage prepaid, to Debtor and Debtor's counsel and allow Debtor a 10 day period from the date of such written notice to cure such delinquent payment(s). Cure payments must be made by certified funds only and Movant may charge Debtor $25.00 for any notice given pursuant to this Order. In the event Debtor fails to cure such delinquent payment(s) within such 10 day period, or in the event Debtor becomes delinquent after two (2) notices of default, the Automatic Stay shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described in the Deed of Trust attached to its Motion for Relief from Stay.

7. Notices: Any notices required under Paragraph 6 above, shall be served at the following addresses:

    Debtor:    Brenda K. Preston
        951 Van Zandt St
        Paris, TX 75460

    Debtor's Counsel:    Diane S. Carter
        Barron and Carter, LLP
        P.O. Box 1347
        Nederland, TX 77627

Signed on 03/21/2024

*Brenda T. Rhoades*  SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

    //s// *Don Biard*
Don Biard, Attorney for Movant
State Bar No. 24047755
38 1st NW St.
Paris, Texas 75460


    //s// *Diane S. Carter*
Diane S. Carter, Attorney for Debtor
State Bar No. 24043310
P.O. Box 1347
Nederland, TX 77627